UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JIMMY DELL BOWEN,

    Plaintiff,

v.                                           Case No. 8:17-cv-1242-T-35JSS

SHERIFF DAVID GEE, *et al.*,

    Defendants.
_____/

O R D E R

This cause comes before this Court on Plaintiff Bowen's civil rights complaint and his payment of the filing fee. (Doc. 1) Having considered the complaint and being otherwise fully advised, the Court Orders that Bowen must file an amended complaint:

Bowen's complaint alleges that the Defendants are violating his civil rights by denying him adequate medical care while he is detained in the Hillsborough County jail. Bowen paid the full $400 filing fee. Even though Bowen is not proceeding *in forma pauperis*, a district court is required to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [and] the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. Although the complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), Bowen must file an amended complaint.

Bowen alleges that the Defendants have refused to provide him surgery, or to send him to an outside hospital for surgery, to repair a hernia. Bowen represents that his private medical insurance, which was in effect when he was first detained in September 2015, would have covered the surgical costs. Bowen names as the Defendants David Gee (the Sheriff of Hillsborough County) and Katherine Tarica (the Vice President of Naph Care). The complaint is insufficient to assert a claim against either Defendant.

Bowen is advised that, although the factual allegations in a *pro se* complaint (including all reasonable and direct inferences) are accepted as true, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the factual allegations and reasonable inferences must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Nevertheless, the complaint must meet certain pleading requirements, specifically, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and must provide "more than labels and conclusions [or] a formulaic recitation of the elements of the cause of action . . . ." *Twombly*, 550 U.S. at 555. In short, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. The pleading requirements were summarized in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged. *Id.,* at 556, 127 S. Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* "Plausibility" is greater than a mere "possibility" but less than a "probability." Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.,* at 557, 127 S. Ct. 1955 (brackets omitted).

Finally, the complaint must contain "well-pleaded facts" and assert specific facts of wrongdoing because "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.' Fed. Rule Civ. Proc. 8(a)(2)." *Iqbal,* 556 U.S. at 679. *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n.43 (11th Cir. 2008), explains that "*Twombly* [i]s a further articulation of the standard by which to evaluate the sufficiency of all claims brought pursuant to Rule 8(a)." *Twombly* specifically applies to a Section 1983 prisoner action. *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008).

Bowen names only Sheriff Gee and Katherine Tarica as the Defendants, but he fails to allege any facts showing their personal involvement in the alleged denial of medical care. Bowen contends (1) that Sheriff Gee "is responsible for all actions/inactions of all employees and contractors and contractor's employees" (Doc 1 at 5) and (2) that Katherine Tarica, as Vice President of Naph Care, "fail[ed] to adequately supervise Naph Care Employees Dr. Kallman, Dr./R.N. Ball, and Doctor Tootle [regarding their] failure to schedule Plaintiff for [a] hernia operation." (Doc. 1 at 6)  These allegations attempt to hold each Defendant responsible as a supervisor and not as a participant directly involved in the alleged denial of medical care.

The complaint must allege facts showing the direct involvement of each Defendant in the deprivation of Bowen's civil rights.  Bowen cannot base a Section 1983 claim on *respondeat superior. Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 691, 694 (1978). *See also Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007) ("We do not

recognize vicarious liability, including *respondeat superior*, in § 1983 actions."). Consequently, the complaint is insufficient to state a claim against the named Defendants.

Bowen will be afforded an opportunity to file an amended complaint to correct the deficiencies because at this point the Court cannot determine whether Bowen might be able to assert a claim that he can pursue based on the alleged denial of medical care or whether amending the action is futile. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment . . . (3) where amendment would be futile.").

Accordingly, the civil rights complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** to the filing of an amended complaint within **TWENTY (20) DAYS** of the date of this order. The failure to timely file an amended complaint will result in the dismissal of this action without further notice. The **CLERK** is directed to send to Bowen a copy of the complaint and the standard civil rights complaint form used in this district. Bowen must use the required form to file his amended complaint.

**DONE AND ORDERED** in Tampa, Florida, this 12th day of June, 2017.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE