**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JIMMY DELL BOWEN,**

      **Plaintiff,**

**v.**                                                                      **Case No. 8:17-cv-1242-T-35JSS**

**SHERIFF DAVID GEE,** *et al.,*

      **Defendants.**

_____/

## O R D E R

      This cause comes before this Court on Plaintiff Bowen's motions for judgment on the pleadings and to strike the Defendants' notice of appearance (Docs. 9 and 12) and the Defendants' motions for an extension of time to file an answer, to dismiss or alternatively for summary judgment, and for leave to file medical records under seal. (Docs. 11, 13, and 14)  Having considered the papers and being otherwise fully advised, the Court Orders as follows:

      Bowen's complaint alleges that, while he was detained in the Hillsborough County jail, the Defendants violated his civil rights by refusing either to surgically repair a hernia or to send him to an outside hospital for the surgery.  An earlier order explained the original complaint's deficiencies and directed Bowen to file an amended complaint. (Doc. 5)  This action proceeds under the amended complaint.  (Doc. 8)

      Bowen moved for a judgment on the pleadings, after which the Defendants filed an appearance and moved for an extension of time to answer the amended complaint. (Docs. 9 and 11)  Thereafter Bowen moved to strike the appearance, and the Defendants

(1) moved to dismiss under Rule 12, Federal Rules of Civil Procedure, or alternatively for summary judgment under Rule 56, and (2) moved for leave to file medical exhibits under seal in support of the motion for summary judgment.  (Docs. 12, 13 and 14)

Rule 12(c), Federal Rules of Civil Procedure, authorizes a motion for judgment on the pleadings "[a]fter the pleadings are closed . . . ."  Rule 7(a) identifies the term "pleading."  Under the present circumstance, the requisite pleadings are a complaint and an answer.  Bowen's motion for judgment on the pleadings is premature because the Defendants have not filed their answer to the amended complaint.  Instead of filing an answer, the Defendants have opted to move under Rules 12(b) and 56.

Because he is appearing *pro se*, Bowen is cautioned[1] that the granting of the Defendants' motion for summary judgment (Doc. 13) would represent a final adjudication of this case, which may foreclose subsequent litigation.  Under Rule 56(a), Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."  The party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact.  *Johns v. Jarrard*, 927 F.2d 551, 555 (11th Cir. 1991).  The court must view the documents in the light most favorable to the non-moving party and the documents must show that the non-moving party is not entitled to relief under any set of facts alleged in the complaint. *See generally, Allen v. Tyson Foods, Inc.*, 121 F.3d 642 (11th Cir. 1997); *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590 (11th Cir. 1995).  Even though allegations in a *pro se* complaint receive a generous interpretation, *see e.g., Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*);

---

[1] *See Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985), expressing concern about *pro se* litigants in summary judgment cases.

*Tannenbaum v. United States*, 148 F.3d 1262 (11th Cir. 1998), the plaintiff's allegations must have factual support.  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1321 (11th Cir.) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)), *reh'g and suggestion for reh'g en banc denied*, 182 F.3d 938 (11th Cir.), *cert. dismissed,* 528 U.S. 948 (1999).

Once the movant presents evidence that, if not controverted, would entitle the movant to a judgment at trial, the burden shifts to the non-moving party to assert specific facts demonstrating that there is a genuine issue of fact for trial.  *Anderson*, 477 U.S.at 250; *Pennington v. City of Huntsville*, 261 F.3d 1262 (11th Cir. 2001).  If the factual context makes one party's claim implausible, that party must come forward with more persuasive evidence than necessary to show that a genuine issue for trial exists.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Wood v. City of Lakeland*, 203 F.3d 1288 (11th Cir. 2000). *See also Cuesta v. School Bd. of Miami-Dade County*, 285 F.3d 962, 970 (11th Cir. 2002) ("A court need not permit a case to go to a jury, however, when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'").  A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth.  *Anderson*, 477 U.S. at 248.  Based on the above, Bowen should carefully review the requirements of Rule 56, Federal Rules Civil Procedure, to determine how he should oppose the Defendants' motion for summary judgment.

The Defendants represent the need to file copies of Bowen's medical records to support the motion for summary judgment and move for leave to file the medical records under seal.  Sealing the records from public view is proper to protect Bowen's privacy interests.  Lastly, the Defendants' motion under Rule 12 and 56 renders moot the request for an extension of time.

Accordingly, Bowen's motions for judgment on the pleadings and to strike the Defendants' notice of appearance (Docs. 9 and 12) are **DENIED**.  The Defendants' motion for an extension of time (Doc. 11) is **DENIED as moot** and their motion for leave to file exhibits under seal (Doc. 14) is **GRANTED**.  Not later than **FRIDAY, DECEMBER 29, 2017**, the Defendants must file the records under seal and serve a copy on Bowen.  Not later than **MONDAY, JANUARY 29, 2018**, Bowen must oppose the Defendants' motion to dismiss or in the alternative for summary judgment.

**DONE AND ORDERED** in Tampa, Florida, this 19th day of December, 2017.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE